# Authority of the FBI to Conduct Background Investigations for Congress

The FBI has statutory authority to conduct background investigations of congressional employees who will have access to classified information or who the Attorney General identifies as having a connection to a matter within the control of the Justice or State Departments for which such an investigation is required.

June 5, 1989

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

You have asked us to review a series of requests forwarded to you by the Director of the Federal Bureau of Investigation ("FBI") regarding the FBI's authority to conduct background investigations of congressional employees. For the reasons stated below, we conclude that the FBI has the legal authority to conduct investigations of congressional employees who will have access to classified information or with respect to whom you have identified a connection with official matters under the control of this Department or the Department of State. The FBI has no statutory authority to conduct background investigations of congressional employees that do not meet these criteria. If you believe that the FBI's role in this area should be expanded, the best course would be to seek legislation authorizing the FBI to conduct background investigations of all congressional employees and providing for reimbursement of all costs.

## I. Background

Historically, the FBI has conducted background investigations of staff members of certain congressional committees pursuant to memoranda of understanding ("MOUs") between this Department and Congress, where those staff members will have access to classified Department of Justice or Department of State material.[1] The FBI recently received a request from the Office of Senate Security ("OSS") to expand its role in performing background investigations (i) to congressional employees who will have access to classified information, but who are not covered by previous MOUs, and (ii) potentially to all other congressional employees,

---

[1] Other agencies, including the Defense Investigative Service of the Department of Defense, also conduct background investigations for Congress.

regardless of whether they will have access to classified information. In connection with the OSS request, Senators Dole and Mitchell also asked the FBI to perform expedited investigations necessary to process security clearances for ten to twelve Senate employees who will have access to classified information. The FBI has forwarded these requests to you for your advice and approval. You also have received memoranda from Assistant Attorney General Flickinger of the Justice Management Division and Assistant Attorney General Boyd of the Office of Legislative Affairs expressing policy concerns with the OSS requests.[2] You have asked this Office whether the FBI has the legal authority to perform any or all of these investigations. With respect to the policy issues involved, we defer to the views of the Justice Management Division and the Office of Legislative Affairs.

## II. Analysis

### A. The Scope of the FBI's Authority

The Attorney General has statutory authority to "appoint officials ... to conduct such ... investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General." 28 U.S.C. § 533(3).[3] Regulations promulgated pursuant to this statute provide that the FBI shall "[c]onduct personnel investigations requisite to the work of the Department of Justice and whenever required by statute or otherwise." 28 C.F.R. § 0.85(c). Although neither the statute nor the regulations specifically address the FBI's authority to conduct background investigations for Congress, this Office previously has concluded that 28 U.S.C. § 533(3) authorizes the FBI to perform background investigations for certain committee staff members who will have access to classified information.[4]

Our analysis is simple. The FBI may conduct any investigations, includ-

---

[2] On April 24, 1989, we received the following documents for review: (i) the letter from Senators Dole and Mitchell; (ii) a memorandum from Director Sessions to you explaining why your approval is needed before the FBI may conduct those investigations and indicating that the request of Senators Dole and Mitchell would serve as a test project to allow the FBI to demonstrate its ability to conduct such investigations on an expanded basis for all Senate employees for whom security clearances are sought, (iii) a memorandum from Assistant Attorney General Flickinger, Justice Management Division, expressing policy concerns with the requests, and (iv) a memorandum from Assistant Attorney General Boyd, Office of Legislative Affairs, concurring in some of Mr. Flickinger's concerns.

[3] We have interpreted 28 U.S.C. § 533(3) to require that *either* this Department *or* the Department of State have an official interest in a matter before an investigation may be authorized. *See, e.g.,* Memorandum for the Attorney General, from Larry L. Simms, Deputy Assistant Attorney General, Office of Legal Counsel at 6 n 4 (June 8, 1983)

[4] *See* Memorandum for Patricia W Wald, Assistant Attorney General, Office of Legislative Affairs, from John M. Harmon, Assistant Attorney General, Office of Legal Counsel, *Re· FBI Background Checks for Congressional Committees* (May 4, 1978) (the "1978 Memorandum"), Memorandum for Frederick D Baron, Special Assistant to the Attorney General, from John Harmon, Acting Assistant Attorney General, Office of Legal Counsel, *Re. FBI Background Checks for Congressional Committees* (Feb 22, 1977).

ing background investigations, concerning "official matters under the control of the Department." 28 U.S.C. § 533(3). Executive Order No. 12356 directs all executive officials to ensure that classified information is not disseminated outside the executive branch except to persons whose trustworthiness has been determined and under conditions that guarantee that the information will be protected. Exec. Order No. 12356, § 4.1, 3 C.F.R. 166 (1983). Thus, if a background investigation is necessary to establish the trustworthiness of a congressional employee who will have access to classified information, the Attorney General's responsibility under the Executive Order makes such an investigation an "official matter under the control of the Department." Pursuant to this analysis, the Attorney General over the last decade has entered into MOUs with certain congressional committee chairmen authorizing the FBI to conduct background investigations of staff members who will have access to classified material. Based on previous advice from this office,[5] however, the FBI rarely has performed investigations of congressional employees who were not on those committee staffs.

We see no reason why you should not authorize the FBI to conduct background investigations of the employees designated by Senators Dole and Mitchell and other congressional employees who will have access to classified information. The broad language of section 533(3) makes the availability of classified information to all such employees a "matter[] under the control of the Department" because their trustworthiness must be ascertained pursuant to the Executive Order.

We are unaware, however, of any statutory authority supporting the broader request that the FBI conduct background investigations of *all* congressional employees. Employees who will have no access to classified information lack the nexus to a matter within the control of this Department such as that identified in Executive Order No. 12356. If you were to identify some other matter within the control of this Department or the Department of State that involved some or all of those employees, you would be authorized in our view by section 533(3) to direct the FBI to investigate them. Absent a decision by you that such a matter is involved, however, we believe the FBI would have no authority to perform the investigation.

## B. Reimbursement

We also have been asked to address whether Congress should reimburse the FBI for the costs of performing additional background investigations. To the extent that this presents a policy issue, we defer to the views of the Justice Management Division and the Office of Legislative Affairs. It can be argued that the FBI should bear the cost of investigations

---

[5] *See* 1978 Memorandum at 3

authorized by section 533(3) and Executive Order No. 12356 because the investigations are performed as part of the official business of this Department and to satisfy your duty under the Executive Order to determine the trustworthiness of persons to whom classified information will be released. Nevertheless, Congress undoubtedly will benefit from the FBI's work. It initiated the request for additional assistance, and expanding the FBI's responsibility beyond the few committee staffs for whom the FBI traditionally has provided the service no doubt will tax the FBI's resources. Under these circumstances, equity would suggest that Congress should at least share the costs, if not fully shoulder them, and we perceive no legal reason why the costs may not be reimbursed. Of course, if you decide to seek to expand the FBI's authority to include congressional employees who are not covered by section 533(3), legislation authorizing that work should provide for reimbursement of all costs, as well.

## III. Conclusion

The FBI has the legal authority to conduct background investigations of congressional employees to the extent that (i) such employees will have access to classified information or (ii) you have identified a matter within the control of this Department or the Department of State that requires that such investigations be done. Expanding the FBI's authority beyond these circumstances will require legislation authorizing the FBI to conduct background investigations of any congressional employee. Such legislation also should provide for Congress to reimburse the FBI for the costs of these investigations.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*